IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TRADAX ENERGY, INC. | § | CASE NO. 15-33422-H1-7 |
| | § | |
| | § | |
| Debtor | § | |

**First and Final Chapter 7 Fee Application Summary**

| | | |
|---|---|---|
| **Name of Applicant:** | Walker & Patterson, P.C. | |
| **Applicant's Role in Case:** | Counsel for Trustee | |
| **Date Order of Appointment Signed:** | June 14, 2018 (Docket No. 62) | |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | March 1, 2018 | August 27, 2018 |
| **Time period(s) covered by prior Applications:** | n/a | n/a |
| **Total amounts awarded in all prior Applications:** | | $0.00[1] |
| **Total fees requested in this Application and in all prior Applications:** | | $5,070.00 |
| **Total fees requested in this Application:** | | $5,070.00 |
| **Total professional fees requested in this Application:** | | $5,070.00 |
| **Total actual professional hours covered by this Application:** | | 16.90 |
| **Average hourly rate for professionals:** | | $300.00 |
| **Total paraprofessional fees requested in this Application:** | | $0.00 |
| **Total actual paraprofessional hours covered by this Application:** | | $0.00 |
| **Average hourly rate for paraprofessionals:** | | n/a |
| **Reimbursable expenses sought in this application:** | | $233.46 |
| **Application cost:** | | $300.00 |
| **Total of other payments paid to secured claimants** | | $0 |

---

[1] Trustee's prior counsel, John Brannon, was awarded $143,453 through four fee applications previously filed and approved by this Court.

| | |
|---|---:|
| **Total of other payments paid to administrative claimants** | $250,837.65[2] |
| **Estimated total for distribution to priority unsecured creditors:** | n/a |
| **Estimate percentage dividend to priority unsecured creditors** | 0% because no priority claims filed |
| **Estimated total for distribution to general unsecured creditors:** | $830,000 |
| **Estimate percentage dividend to general unsecured creditors** | 28% |
| **Receipts to date:** | $1,177,920.74 |
| **Disbursements to date:** | $250,837.65 |
| **Current balance in the Trustee's accounts:** | $927,083.09 |

---

[2] Administrative expenses include fees for Trustee prior general counsel, property broker fees, accountant fees, bank service charges, surety bond charges and an expert witness fee.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| TRADAX ENERGY, INC. § | CASE NO. 15-33422-H1-7 |
| § | |
| § | |
| Debtor § | |

### FIRST AND FINAL APPLICATION FOR COMPENSATION FOR LEGAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.**

**IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTING WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THOUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

1. Miriam Goott, on behalf of Walker & Patterson, P.C. (the "Applicant") as counsel for Allison D. Byman, Trustee for the above-referenced bankruptcy estate (the "Trustee"), files this First and Final Application for Compensation for Legal Services Rendered and Reimbursement of Expenses Incurred by Attorneys for the Trustee (the "Application"), and would respectfully show the Court as follows:

**NARRATIVE SUMMARY**

A. **History of Case, Employment of Applicant, and Services Provided:**

2. Tradax Energy, Inc. filed its Chapter 7 bankruptcy petition on June 29, 2015 (the "Petition Date") and Allison D. Byman ("Byman" or "Trustee") was appointed the chapter 7 trustee.

3. On December 27, 2016, the Trustee filed an Adversary Proceeding (Case No. 16-3284) against Walter Huybregts ("Huybregts") and Tradax Green Energy, LLC ("TGE").

4. On March 6, 2018, the Trustee obtained a Judgment against Huybregts in the amount of $448,457.14, and a Judgment against TGE in the amount of $618,041.38 (the "Adversary").

5. On March 20, 2018, Huybregts and TGE (the "Defendants") filed a Notice of Appeal (the "Appeal").

6. After the Appeal was filed, trustee's prior counsel, John Brannon withdrew from representation of the estate, and the Trustee hired Walker & Patterson, P.C., with Miriam Goott as lead counsel, to represent the estate.

7. WP was employed to represent the estate in the Appeal and address potential resolution of the judgement that arose from the Adversary.

8. WP initiated post-judgment discovery and quickly uncovered that Huybregts sold non-exempt real property during the pendency of the Adversary to his friend who lives overseas. Shortly thereafter the Defendant and the Trustee reached a settlement of the Adversary.

9. On July 9, 2018, this Court granted the Trustee's *Motion to Compromise with Huybregts,* approving their settlement agreement whereby Huybregts agreed to pay the full amount of the judgment against him ($448,457.14) less interest (2.06 per annum) by August 31, 2018. The Trustee did not enter into any settlement agreements with TGE as TGE has no assets and has not

operated for multiple years.

10. On July 18, 2018, Huybregts and TGE dismissed the Appeal.

11. As of August 25, 2018, the Trustee has received the total settlement amount of $448,457.14 from Huybregts.

12. The Trustee retained Applicant to serve as general litigation counsel in this bankruptcy case and to perform necessary legal services. By Order entered June 14, 2018, the Court approved the employment of the Applicant (the "Employment Order"), effective March 1, 2018. A true and correct copy of the Employment Order is attached hereto and incorporated herein for all purposes as *Exhibit "A."*

13. Pursuant to the Employment Order, Applicant will be entitled to hourly fees for all legal work performed by the Applicant. Detailed time records are attached as *Exhibit B*

14. To the best of Applicant's knowledge, as of August 27, 2018, there is on deposit or on hand in this case the sum of $927,083.09. Based upon the foregoing, allowance and full payment of the award requested herein is feasible because of the cash on hand. Applicant seeks approval of the full amount requested, so that the Trustee may make full payment at a time of her choosing.

15. Applicant has not received a retainer in this case. Other than as herein provided, there are no other agreements, promises, caps, or limitations.

A total of $233.46 in expenses have also been requested by Applicant. A copy of the Applicant's detailed expenses are attached as *Exhibit C*.

**Evaluation Standards:**

16. The Supreme Court of the United States has held the most useful starting point for determining the amount of the reasonable fee is the lodestar calculation, *Hensley v. Eckerhart*, 461

U.S. 424 (1983), but recognized there may be other considerations, namely the factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974). However, no one factor is a substitute for multiplying reasonable billing rates by a reasonable estimation of the number of hours expended. *Blanchard v. Bergeron*, 489 U.S. 67, 94 (1989). The resulting product of the lodestar approach is "presumed to be the reasonable fee to which counsel is entitled." *Blum v. Stenson*, 465 U.S. 886, 897 (1984). *Blum* limited the *Johnson* factors which the Court may consider in adjusting the lodestar amount, holding that the "novelty and complexity of the issues," "the special skills and experience of counsel," the "quality of representation," and the "results obtained" are presumably fully reflected in the lodestar amount. *Id*. at 898-900.

17. The Fifth Circuit has adopted the following standards to consider in determining reasonable and necessary compensation in bankruptcy:

    a. The time and labor required;

    b. The novelty and difficulty of the issues presented;

    c. The skill requisite to perform the services properly (the attorney's work product, his preparation and general ability before the Court. *In re Prudhomme*, 152 B.R. 91, 114 (Bankr. W.D. La. 1993);

    d. The preclusion of other employment by the attorney due to acceptance of the case;

    e. The customary fee;

    f. Whether the fee is fixed or contingent;

    g. Time limitations imposed by the client or by the circumstances;

    h. The amount involved and the results obtained;

    i. The experience, reputation and ability of the attorneys;

      j.      The undesirability of the case;

      k.      The nature and length of the professional relationship with the client; and

      l.      Awards in similar cases.

*In re First Colonial Corp. of America*, 544 F.2d 1291, 1298-99 (5th Cir.), *cert. Denied*, 431 U.S. 904 (1977).

18.    The Fifth Circuit has held that it is an abuse of discretion for the bankruptcy court <u>not</u> to consider these twelve (12) factors and has instructed courts to pay special heed to:

      a.      the time and labor involved;

      b.      the customary fee;

      c.      the amount involved and the results obtained; and

      d.      the experience, reputation and ability of counsel.

*Cooper Liquor, Inc. v. Adolph Coors Co.*, 624 F.2d 575, 583 (5th Cir. 1980).

19.    The legal services rendered by Applicant were performed for the benefit of the Trustee and not on behalf of any committee or any individual creditor or any other person. No agreement or understanding exists between Applicant and any other person with respect to sharing compensation to be received by Applicant for services rendered or to be rendered.

20.    This Application is submitted under the standards set forth in *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), *cert denied*, 431 U.S. 904 (1977). Applicant has incorporated, parenthetically, within these standards the standards Congress has mandated to be considered by its amendments to 11 U.S.C. §330, effective October 22, 1994.

      a.    **Time and labor required (the time spent on such services).** Pursuant to the Court's Order, the services for which compensation are sought in this Application are compensable under an hourly fee agreement. No events have occurred that were

not capable of being anticipated at the time of entry of the Court's employment order.

b. **The novelty and difficulty of the questions presented in this case.** The issues addressed by the Applicant during this Application Period were not particularly novel or difficult. Applicant conducted discovery, settled the case, and prepared a 9019 which was subsequently granted by this Court.

c. **The skill requisite to perform legal services properly (whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed).** Applicant was required to demonstrate the requisite skill and professional competence in bankruptcy and litigation. Applicant was able to negotiate a settlement whereby the estate received the full settlement amount (less interest) within five months of the entry of the judgment based upon Applicant's prompt attention to the file following entry of judgment in the Trustee's favor and discovery of one Defendant's fraudulent transfers.

d. **The preclusion of other employment due to acceptance of the case**. None.

e. **Contingent nature of the fee**. This was not a factor in this case, other than the inherent contingent nature of fees when representing a chapter 7 trustee because all fees must be approved by the court.

f. **Time limitations imposed by the case**. None.

g. **The results obtained (whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title)**. Applicant successfully negotiated and obtained a Settlement Agreement where the only solvent Defendant paid the estate the full settlement amount ($448,457.14) within five months of the judgment. Furthermore, the Applicant was able to conduct discovery, negotiate a settlement, obtain court approval for the settlement, for approximately $5,000.00 in legal fees.

h. **The experience, reputation and ability of Applicant.** The attorney performing the majority of the legal services in this case on behalf of the Applicant was Miriam Goott. Goott exclusively practices bankruptcy law for Walker & Patterson, P.C. Goott has

      experience in bankruptcy and litigation, and the Applicant believes that such background was essential to the representation of the Trustee.

  i. **The undesirability of the case.** There have not been any particularly undesirable aspects pertaining to the representation of Trustee in this case.

  j. **Nature and length of the professional relationship with the client.** The Trustee has retained the Applicant in several other cases in her capacity as a Chapter 7 Trustee.

  k. **Awards in similar cases (whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title).** Applicant believes that the Court is aware of awards in cases of a similar nature and that the amounts herein sought are within that range.

21.   Applicant also seeks allowance and reimbursement of expenses incurred by Applicant in its representation of the Trustee of $233.46. A description of the expenses for which reimbursement is sought during this Application Period is attached hereto as part of Exhibit "C" and is incorporated herein for all purposes.

| **First Application Period** | |
|---|---|
| Copies | $176.20 |
| Postage | $57.26 |
| **TOTAL** | **$233.46** |

These expenses are actual expenses incurred and/or paid by Applicant. The expenses are reasonable and were necessary to accomplish proper representation of the Trustee. Those expenses are not part of Applicant's general overhead normally taken into account in determining hourly rates, but rather expenses directly attributable to representation of the Trustee in this case. These expenses are typical and of a kind customarily charged to all of Applicant's clients.

22.   Applicant certifies that Allison D. Byman, Trustee, on whose behalf Applicant has

served, was provided with a copy of this Application prior to it being filed and does not object to the requests made herein.

23. Applicant requests approval by the Court of fees in the amount of $5,070.00 and expenses in the amount of $233.46 and payment by the Trustee upon entry of the attached proposed order.

Dated: September 4, 2018.

Respectfully submitted,

*/s/ Miriam Goott*
Miriam Goott
SBN 24048846
Applicant

OF COUNSEL
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208-1301
713.956.5577 (Telephone)
713.956.5570 (Telecopier)

**CERTIFICATE OF SERVICE**

I, Miriam Goott, hereby certify that a true and correct copy of the foregoing *Application* was served upon all parties entitled to notice as reflected on the attached service list by electronic transmission or first class, United States mail, postage prepaid, on September 4, 2018.

*/s/ Miriam Goott*
Miriam Goott